IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| TINA L. LIGON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action Number |
| vs. | ) | 02-C-1782-S |
| | ) | |
| NAPA AUTO PARTS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION ON
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

In this case alleging a violation of the Equal Pay Act,[1] Defendant NAPA Auto Parts ("NAPA") has moved for Summary Judgment. Based on the undisputed facts which follow, the motion is due to be granted.

Plaintiff Tina L. Ligon, a female, was hired by NAPA on March 6, 2001, as a Counter Sales Trainee ("CST"). At the time of Plaintiff's initial employment, the CST position was the only vacant position at NAPA.

Both before and after Plaintiff's hire, NAPA hired several males for the Counter Sales ("CS" or "sales") position. All of these persons were qualified for this position. The CS

---

[1] 26 U.S.C. § 206 et seq. ("the Equal Pay Act"). The Plaintiff has abandoned her 42 U.S.C. § 2000e et seq. claims of race and gender discrimination. See Plaintiff's Opposition to Defendant's Motion For Summary Judgment (Doc. 25), p. 2.



position is obviously different from the CST position - the latter by definition a training job which, when successfully completed, leads to the sales position. In point of fact, Plaintiff was promoted to the sales position some eleven months after her initial hire.

Subsequent to Plaintiff's hire, NAPA hired two males as CSTs. They were both paid the prevailing wage rates for that position.

To prove establish a *prima facie* violation of the Equal Pay Act, Plaintiff must establish that NAPA paid her a lower wage than it paid its male employees for jobs "requiring equal skill, effort, and responsibility...." *Steger v. General Electric Co.,* 318 F.3d 1066, 1077-78 (11th Cir.2003).

It is painfully apparent that Plaintiff has not carried her burden of proof. The evidence compels the conclusion that the jobs of Customer Sales Trainee and Customer Sales do not require equal skill, effort, and responsibility.

By separate order, NAPA's motion for summary judgment will be granted and the case dismissed.

Done this _27th_ day of March, 2003.

Chief United States District Judge
U.W. Clemon